HENRY and others *v.* GOLD PARK MINING Co.

*(Circuit Court, D. Colorado.* December 20, 1881.)

1. GARNISHMENT—CODE OF COLORADO, §§ 111, 112.

Sections 111 and 112 of the Code of Colorado, which provide that the defendant may release any property in the hands of the sheriff, by virtue of any writ of attachment, by executing an undertaking to redeliver on demand, if the plaintiff recover judgment in the action and the attachment is not dissolved, the attached property to be applied to the payment of the judgment, etc., do not provide for discharging garnishees or giving bond as therein specified.

On Motion for the Discharge of a Garnishee.

*Sam. P. Rose,* for plaintiff.

*Wells, Smith & Macon,* for defendant.

HALLETT, D. J., *(orally.)* The sections of the Code to which reference was made do not provide for discharging garnishees on giving bond as therein specified; and I think that the language of the sections precludes the notion that the garnishees can be within its provisions.

The first section (111) declares that " the defendant may at any time release any property in the hands of the sheriff, by virtue of any writ of attachment, by executing an undertaking as provided for in the next section; and all the proceeds of sales and money collected by the sheriff, and all the property attached remaining in his hands, shall be released from the attachment and delivered to the defendant, upon the justification of the sureties in the undertaking;" and the condition of the undertaking, as given in the next section, is that " the defendant will, if the plaintiff shall recover judgment in the action and the attachment is not dissolved, on demand redeliver such attached property so released to the proper officer, to be applied to the payment of the judgment, and that in default thereof the defendant and sureties will pay to the plaintiff the full value of the property so released." This certainly cannot be applicable to a debt due.

from a third party, a stranger to the suit, because that cannot be said to be in the hands of the officer in any way. If that construction should be given to the law, it would be necessary that the officer should determine the value of the indebtedness; the amount and value of it. Now, the garnishee is not required to answer before him; it appears to be optional with him whether he will answer before the officer or come into court.

*Mr. Wells.* Your honor is mistaken about that provision. If the party garnished don't give a statement of what is in his hands he is treated as in contempt.

*The Court.* Well, I doubt whether that is the construction to be put upon the statute. But if that be so, the garnishee may not answer truly; he may deny; and if he admits the indebtedness, he may not admit the full amount. When he denies, it is competent for the plaintiff to meet his denial, and go to trial upon the issue so joined. And if he admits an indebtedness, and the plaintiff contends that he owes more than he admits, he may deny that also, and go to trial upon that, and compel him to pay the full amount that he may be able to show is due from him. So that if the garnishee be compelled to answer before the officer, and does answer, it cannot be said that his answer shall be taken to be true for the purpose of fixing the amount of the bond to be given to the officer in case he be discharged.

Indeed, it seems to me there is no provision which will be adequate and sufficient to secure the plaintiff for the discharge of a garnishee, except it be one to pay the judgment, such as is often found in these statutes regulating attachments; and I think it is very clear, as the statute stands here, that the garnishees are not within its provisions. If the garnishee pays over the money in his hands to the sheriff, then it may be said that that is money collected by the sheriff within the provisions of section 111; and unquestionably when the garnishee pays, the defendant may by giving bond as provided in these sections have that money released and surrendered to him. But I think the sections as they stand are applicable only to property which is in the hands of the officer, either money or goods; something which he actually holds in his possession.

The motion will be denied.